STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Casella Waste          }
Management, Inc. and E.C.               }
Crosby & Sons, Inc.                     }     Docket No. 110-7-99 Vtec
                                        }
                                        }


Decision and Order on Scope of Hearing

Appellants appealed from two conditions imposed by a decision of the Zoning Board of Adjustment (ZBA) of the Town of Manchester granting permission with conditions for a new access road to their transfer station. Cross-Appellants Sally Mole, Dale Gulbrandsen, Patricia A. Trudel, Robert and Jeanne Williams, Kurt and Dorothea Ax, and Ruth Fuller White also appealed from the decision; Patricia A. Trudel later withdrew as a party. Neighbors Perk and Randall Perkins have intervened as interested parties, as has the Town of Sunderland. Appellants are represented by John R. Ponsetto, Esq. and Robert F. O= Neill, Esq.; Cross-Appellants are represented by David W. Gartenstein, Esq.; Intervenors Perkins are represented by Robert E. Woolmington, Esq.; Intervenor Town of Sunderland is represented by Mary C. Ashcroft, Esq.; the Town of Manchester is represented by Gary G. Ameden, Esq. Summary Judgment motions were decided and the parties are preparing for the hearing on the merits.

Section 8.1.1.3 provides for the expansion or extension of nonconforming uses if they will have no adverse effect upon the public health, safety, convenience and upon property values in the vicinity. The Court understands public > convenience,= a term more frequently used in public utility or condemnation cases rather than in zoning cases, to mean whether the proposal is useful to the public, that is, whether it is fitting or suitable to the public need. Cross-Appellants list several issues on which they propose to present evidence. We take each of the issues in turn. Issues (a) regarding truck traffic and (b) regarding noise are within the scope of ' 8.1.1.3. Issue (c) regarding its effect on A quality of life@ in this vicinity is within the scope of ' 8.1.1.3 but we caution the parties that the ordinary rules of evidence apply, and that we will expect the evidence to relate to objective rather than subjective measures of what is commonly called A quality of life,@ within the conditional use standards.

Issue (d) relates to Cross-Appellants= view that Applicants intend to seek an increase in the amount of garbage which may be processed at the plant. It is beyond the scope of this proceeding; the Court has already ruled that any such increase would be the subject of some future proceeding, if at all. Similarly, regarding issue (e), any history of prior violations or the difficulty of enforcement, which might be relevant in an enforcement proceeding or under 10 V.S.A. ' 8011, is not relevant to the present case. Cf., In re Appeal of Sardi, Docket No. 99-069 (Vt. Supreme Ct., March 17, 2000 (as amended May 22,2000)).

With regard to issue (f), the zoning ordinance in Sunderland is not a > siting= statute that provides a mechanism to choose among alternatives. Rather, as in a condemnation action, the issue of public convenience relates to the public= s need for the particular proposal, rather than whether it was the best choice among the available alternatives. Therefore, issue (f) is also beyond the scope of this proceeding.

The issue of the effect of the proposal on property values A in the vicinity@ is not limited to the effect on adjacent or neighboring properties, but rather to properties within the zone of interests

capable of being affected by the proposal. We will rule on a case-by-case basis as to whether any of Cross-Appellants= properties or other properties in historic Manchester village are within this scope.

Issues relating to the conditional use criteria are, of course, within the scope of the proceeding, although it is difficult for the Court to predict what evidence is suggested by Cross-Appellants= proffer of evidence to establish that failure to choose other alternatives for mitigating truck traffic will adversely affect utilization of renewable energy resources. We will not, however, hear evidence on any asserted violation of the A objectives@ of the Farming and Rural Residential zoning district, if those objectives are not carried out in actual zoning regulations.

Finally, it is difficult to tell whether Cross-Appellants= reference to evidence about the impact of the A proposed expansion of Casella= s nonconforming transfer station@ refers to the impact of the proposed road, or whether it refers to the possibility of future expansions of the capacity of the transfer station itself. To the extent that it refers to the road, it is within the scope of this proceeding. To the extent that it refers to the possible future expansion, as already stated, it is beyond the scope.

Done at Barre, Vermont, this 15th day of June, 2001.

_____
Merideth Wright
Environmental Judge

**Footnotes**